```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MICHAEL LEVENSON,              )
                               )
          Plaintiff,           )   Civil Action No. 05-1639
                               )
    v.                         )   Chief Judge Ambrose
                               )   Magistrate Judge Caiazza
OXFORD GLOBAL RESOURCES,       )
INC.,                          )
                               )
          Defendant.           )
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I. RECOMMENDATION

It is respectfully recommended that the Defendant's Motion to Dismiss (Doc. 14) be granted in part and denied in part, as described below.

#### II. REPORT

**BACKGROUND**

The Plaintiff Michael Levenson is an aerospace engineer who provides consulting services, and the Defendant Oxford Global Resources, Inc. (at times, "Oxford") "provides other businesses with the services of consultants/experts." Am. Compl. (Doc. 13) at ¶¶ 3-4. In September 2004, Oxford contacted Mr. Levenson regarding a consulting position it was filling for Alcoa, Inc. *See id.* at 2d ¶ 3. The Plaintiff alleges Oxford represented to him that, should Alcoa agree to Mr. Levenson's appointment, he would be paid at a rate "economically equivalent to a previous agreement [he] had with Alcoa," or $85.00 per hour, and "there

would be no restrictions on [his] prerogative to seek subsequent employment with Alcoa." *See id.* at 2d ¶ 4.

Mr. Levenson interviewed with Alcoa, and the company informed him that he was accepted for the position. *Id.* at ¶¶ 5-6. "Contrary to earlier representations, however," Oxford "sent a contract to Levenson in which the compensation to be paid . . . was significantly lower than initially agreed upon, and [it] included restrictions on [his] prerogative to seek other employment with Alcoa." *Id.* at ¶ 7. When the Plaintiff voiced concern, the Defendant "abruptly and without basis in fact . . . falsely accused [him] of being 'belligerent,' . . . falsely accused [him] of unreasonably refusing to provide Oxford with a [start] date," and "inform[ed Mr.] Levenson that Oxford would no longer deal with him." *See id.* at ¶ 8.

Like Oxford, Alcoa subsequently advised Mr. Levenson he no longer would be considered for its consulting positions. *Id.* at ¶ 14. Despite the company's previously retention of the Plaintiff to satisfactory results, Alcoa allegedly advised Mr. Levenson he was ineligible based on "the information received from Oxford." *Id.* at ¶¶ 13-14.

On these facts, the Plaintiff alleges breach of contract, defamation, misrepresentation, and interference with existing and/or prospective contractual relations between himself and Alcoa. *See id.* at ¶ 1.

**ANALYSIS**

    A.  **Breach of Contract**

Oxford asserts there was no contract between the Plaintiff and itself, highlighting the unsigned "Consultant Agreement" attached to the Amended Complaint. *See* Def.'s Br. (Doc. 15) at 3. This argument misconstrues the Plaintiff's allegations.

Affording the Plaintiff all reasonable inferences, the pleadings allege that Oxford orally agreed to pay Mr. Levenson $85 per hour to act as a consultant for Alcoa, provided said company accepted him for the position. *See* discussion *supra*. Alcoa fulfilled the condition precedent by accepting Mr. Levenson's appointment,[1] and the Plaintiff has stated a claim for breach of an oral agreement. *See id.; see also, e.g.,* "Consultant Agreement" attached to Am. Compl. (stating Mr. Levenson's rate of pay would be $42.95 per hour, as opposed to $85 per hour).

The Defendant has not shown entitlement to dismissal under Rule 12(b)(6).

    B.  **Misrepresentation**

The Defendant construes its alleged misrepresentations as "[s]tatements [regarding] future or contingent events,"

---

[1] *See generally* 13 Williston on Contracts § 38:7 (4th ed. 2006) ("A condition precedent is either an act of a party that must be performed or <u>a certain event that must happen before a contractual right accrues or contractual duty arises</u>.") (emphasis added).

the parties' "expectations or probabilities," and/or "what [was] or [was] not [to] be done in the future." *See* Def.'s Br. at 4 (citations omitted). These types of statements, Oxford maintains, are not actionable as misrepresentations. *Id.; see also id.* at 4 ("[']misrepresentation['] must be a [statement] of a past or present material fact," not "a prediction of a future event") (citation and internal quotations omitted).

The Plaintiff <u>has</u> alleged a misstatement of "present material fact," namely Oxford's intention to hire Mr. Levenson at a specified pay level provided Alcoa accepted his appointment. The Defendant's statement of current intent distinguishes this case from those cited by its lawyers, and dismissal is not warranted at this early stage. *See* discussions *supra*; *see also generally* <u>Busy Bee, Inc. v. Wachovia Bank, N.A.</u>, 2006 WL 723487, *24 (Pa. Comm. Pl. Feb. 28, 2006) (although "[t]he mere breach of a promise to do something in the future, without more," is not actionable, "a promise . . . the promissor had no intention of keeping at the time [it was] made" can support claim for misrepresentation; "[s]tatements of intention" that do not "represent one's true state of mind are misrepresentations") (citations and internal quotations omitted).

   C.   **Defamation**

The Defendant argues that its alleged communications with Alcoa do not rise to the level of defamation. *See* Def.'s Br.

-4-

at 7-8.  The cases cited by counsel, however, either (1) were decided at the summary judgment stage,[2] or (2) did not involve communications so directly related to the plaintiff's business and/or professional dealings.  *Compare* Am. Compl. at ¶¶ 8, 10 (Defendant stated Plaintiff was "belligeren[t]," "engaged in threatening behavior," "unreasonably refused to provide a start date," and Oxford "would no longer deal with him") *with* <u>Davis v. Resources for Human Dev., Inc.</u>, 770 A.2d 353, 357 (Pa. Super. 2001) (communication is defamatory "if it ascribes to another <u>conduct, character or a condition</u> that would <u>adversely affect his fitness</u>" for his "business, trade or profession," and court must "consider what effect the statement would have on the minds of the average persons among whom the statement would circulate") (citations and internal quotations omitted, emphasis added).

For these reasons (and given the Plaintiff's ability to survive Rule 12(b)(6) on other claims), the District Court should defer its ruling on defamation until summary judgment.[3]

---

[2]  *See, e.g.*, <u>Maier v. Maretti</u>, 671 A.2d 701, 703-704 (Pa. Super. 1995), *appeal denied*, 694 A.2d 622 (Pa. 1997); <u>Kryeski v. Schott Glass Techs., Inc.</u>, 626 A.2d 595, 597, 600-601 (Pa. Super. 1993), *appeal denied*, 639 A.2d 29 (Pa. 1994) (addressing alleged defamatory nature of statements on summary judgment; *see also* <u>Gordon v. Lancaster Osteopathic Hosp. Ass'n, Inc.</u>, 489 A.2d 1364, 1368 (Pa. Super. 1985) (defamation claim "should not be dismissed [under the state law equivalent to Rule 12(b)(6)] unless the court is <u>certain</u> that the communication is <u>incapable</u> of bearing a defamatory meaning") (citation omitted, emphasis added).

[3]  This reasoning extends to the Defendant's claims of conditional privilege.  *See, e.g.*, <u>Rutherfoord v. Presbyterian-Univ. Hosp.</u>, 612 A.2d 500, 507 (Pa. Super. 1992) *and* <u>Daywalt v. Montgomery Hosp.</u>,

### D. Interference With Existing or Prospective Contractual Relations

Mr. Levenson alleges:

> Prior to his involvement with Oxford, [and] based upon his existing consulting agreement with Alcoa . . . in the nature of an open 'purchase order,' it was expected and anticipated that Mr. Levenson would have the same or similar consulting agreements with Alcoa in the future since he [previously] had successfully performed his responsibilities as a consultant for Alcoa and [the company] was satisfied with his performance . . . .

Am. Compl. at ¶ 13.

The Plaintiff's best efforts notwithstanding, these allegations do not identify an existing contractual relationship. *See id.* (stating only that prospective consulting agreements were "expected and anticipated"). In this regard, the Defendant's Motion to Dismiss is well taken.

The claim regarding prospective contractual relations, however, is another story. While the pleadings arguably present a close call, the court cannot quite say there is no conceivable set of facts under which the Plaintiff may be entitled to relief. *See generally* Seinfeld v. Becherer, -- F.3d --, 2006 WL 2441732, *1 n.1 (3d Cir. Aug. 24, 2006) (applying same standard under Rule 12(b)(6)); *compare* Santana Prods., Inc. v. Bobrick Washroom

---

573 A.2d 1116, 1118 (Pa. Super. 1990) (each addressing privilege on summary judgment); Campbell v. Willmark Serv. Sys., 123 F.2d 204, 205-207 (3d Cir. 1941) (addressing privilege after trial verdict).

Equip., Inc., 401 F.3d 123, 140 (3d Cir.) ("[a] prospective contractual relation "is something less than a contractual right, [but] more than a mere hope") (citation and internal quotations omitted), *cert. denied*, -- U.S. --, 126 S. Ct. 734 (2005) *with* discussion *supra* (quoting allegation that "an open 'purchase order'" existed under which Mr. Levenson was expected to secure further consulting work).

To this extent, the Defendant's Motion should be denied.

**CONCLUSION**

For the reasons stated above, the Defendant's Motion to Dismiss (Doc. 14) should be granted regarding the Plaintiff's claim for interference with existing contractual relations, but otherwise denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by September 18, 2006. Responses to objections are due by September 28, 2006.

September 1, 2006

Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

Timothy P. O'Brien, Esq.
Walter P. DeForest, Esq.
Jacqueline A. Koscelnik, Esq.